UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

EDUARDO ROJAS,                )
                              )
    Plaintiff,                )
v.                            )
                              )
CUSTOM PROTECTION             )
SECURITY, INC.                )
                              )
    Defendant.                )
_____ )

## COMPLAINT

EDUARDO ROJAS, Plaintiff in the above-styled case, sues Defendant, CUSTOM PROTECTION SECURITY, INC., for damages arising from the Defendant's violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). In support of this Complaint, Plaintiff states as follows:

### PARTIES

1.   Plaintiff is an adult resident of Miami-Dade County, Florida, who was an employee of Defendant corporation at all relevant times, performing work in Miami-Dade County, Florida.

2.   Defendant Custom Protection Security, Inc. is a Florida corporation doing business in Miami-Dade County, Florida, with an office located at 2510 NW 97th Ave., Suite 100, Miami, Florida 33172.

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2617.

4. Venue is appropriate in this Court as Defendant maintains an office in Miami-Dade County, Florida; all acts and/or omissions at issue in this Complaint occurred in Miami-Dade County, Florida; and Plaintiff is a resident of Miami-Dade County, Florida.

**FACTUAL ALLEGATIONS**

5. At all times material, the Plaintiff was employed by the Defendant as a security guard until his wrongful termination on or about January 13, 2023.

6. The Plaintiff worked for Defendant for approximately 15 – 20 years and worked approximately 40 hours each week.

7. The Plaintiff performed his work admirably and was revered by his colleagues.

8. The Plaintiff performed his duties in a satisfactory manner and was never reprimanded or written up until his discharge.

9. Plaintiff has various disabilities and serious medical conditions, including renal failure and use of dialysis.

10. On or about December 30, 2022, Plaintiff became very sick and was hospitalized on December 31, 2022. He was diagnosed with renal insufficiency and required dialysis. He spent approximately 10 days in the hospital. On the first day of his hospitalization, Plaintiff called his supervisor to notify him of the issue and why he was

not at work. He then continued to keep Defendant informed of his progress at the hospital. However, many times when Plaintiff tried to keep the Defendant apprised of his condition, Defendant ignored his calls.

11. On or about January 10, 2023, Plaintiff returned to work after he was discharged from the hospital to provide Defendant with medical documentation. He was told that the Defendant would call him when he was needed for work. Instead, on or about January 13, 2023, Defendant sent Plaintiff a termination letter and notified him he was being fired because of his illness.

12. In total, Plaintiff missed approximately 10 days due to his medical condition. Plaintiff would have requested FMLA leave for his time off, but Defendant did not disclose that Plaintiff's time off due to his serious medical condition was likely FMLA-eligible leave. However, Plaintiff did request time off to see his serious medical condition and for his hospitalization.

13. At all times relevant, the Defendant was aware of Plaintiff's serious medical conditions.

14. The Defendant never informed Plaintiff that he could be eligible for FMLA leave for his time off.

15. All conditions precedent to bringing this action have occurred, been performed or been excused.

16. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## **COUNT I: INTERFERENCE (TERMINATION AND FAILURE TO PROVIDE INFORMATION) – FMLA**

17. Plaintiff repeats and re-alleges paragraphs 1 – 16 above as if fully stated herein.

18. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

19. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

20. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

21. The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff has a serious health condition.

22. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

23. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

24. At all times material, the Plaintiff gave proper notice to the Defendant by informing Defendant of his qualifying reason and communicating with Defendant regarding his medical condition and when he would have to miss work due to his medical condition.

25. The Plaintiff provided enough information for the Defendant to know that his leave may be covered by the FMLA.

26. The Defendant was aware of the Plaintiff's qualifying reason and knew about his medical condition.

27. Despite its knowledge of the Plaintiff's qualifying medical conditions, the Defendant failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.  Had Plaintiff known that his leave was likely FMLA-eligible leave, he would have requested it.

28. Defendant neglected to notify Plaintiff of his eligibility for leave and then terminated the Plaintiff for no cause and with no notice after nearly 20 years of employment.  Plaintiff fully expected to return to work but was dismissed by Defendant and told that Defendant would call him when it needed him to work.  Instead, Defendant terminated Plaintiff.

29. When the Defendant failed to notify the Plaintiff of his eligibility status and rights under the FMLA, failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave, and terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

    b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

    c. Award the Plaintiff liquidated damages based on Defendant's conduct;

    d. Award the Plaintiff prejudgment interest on his damages award;

    e. Award the Plaintiff reasonable costs and attorneys' fees;

    f. Award the Plaintiff any further relief pursuant to the FMLA; and,

    g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT II: RETALIATION (FMLA)

30. The Plaintiff repeats and re-alleges paragraphs 1 – 16 as if fully stated herein.

31. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

32. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

33. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

34. The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff has serious health conditions.

35. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

36. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

37. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of his qualifying reason and communicating with the Defendant regarding his medical condition.

38. The Plaintiff provided enough information for the Defendant to know that his potential leave may be covered by the FMLA.

39. The Defendant was aware of the Plaintiff's qualifying reason.

40. Despite its knowledge of the Plaintiff's medical conditions, the Defendant failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.

41. Instead of informing the Plaintiff of his rights, the Defendant terminated Plaintiff for no cause other than to retaliate against him for his known medical condition and for attempting to exercise his rights.

42. The Defendant terminated the Plaintiff following his taking leave that would have been FMLA-eligible and approved had Defendant not neglected to inform Plaintiff of his rights and avoided his calls.

43. The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having taken time off due to a medical condition and terminating him because of his medical condition.

44. The Plaintiff's request for medical leave was a direct and proximate cause of his termination from his employment with the Defendant.

45. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, his employment, because of such complaint.

46. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against him by terminating his employment for taking leave due to a serious medical condition, which was likely FMLA-eligible leave, the Plaintiff has been damaged in that the Plaintiff lost, *inter alia*, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury on all issues and counts presented in this Complaint.

Dated: May 5, 2023.

                                                Respectfully submitted,

                                                By: s/ Julisse Jimenez
                                                Julisse Jimenez, Esquire
                                                Fla. Bar No.: 65387
                                                Email: julisse@saenzanderson.com
                                                R. Martin Saenz, Esquire
                                                Fla. Bar No.: 0640166
                                                Email: msaenz@saenzanderson.com

                                                SAENZ & ANDERSON, PLLC
                                                20900 NE 30th Avenue, Ste. 800
                                                Aventura, Florida 33180
                                                Telephone: (305) 503-5131
                                                Facsimile: (888) 270-5549
                                                *Counsel for Plaintiff*