UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21699-RAR

**EDUARDO ROJAS**,

    Plaintiff,

v.

**CUSTOM PROTECTION SECURITY, INC.**,

    Defendant.
_____/

## ORDER GRANTING AGREED MOTION TO COMPEL ARBITRATION AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss with Prejudice or in the Alternative Compel Arbitration, [ECF No. 9] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response, [ECF No. 11] ("Response"), and the Affidavit of Eduardo Rojas [ECF No. 11-1] ("Rojas Affidavit"), as well as Defendant's Reply, [ECF No. 15] ("Reply), and the accompanying Affidavits of Thomas W. Vastrick, [ECF No. 15-1] ("Vastrick Affidavit"), and Marielena Meulener, [ECF No. 15-2] ("Meulener Affidavit"). The Court held a hearing on Defendant's Motion on July 31, 2023, [ECF No. 20] ("Hearing"). As explained herein, the Motion is **GRANTED** pursuant to the agreement of both parties during the Hearing.

## BACKGROUND

Plaintiff Eduardo Rojas commenced this action on May 5, 2023, asserting violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") against his former employer Defendant Custom Protection Security, Inc. ("CPS"). *See* Compl. at 1 [ECF No. 1]. Defendant filed the instant Motion on June 9, 2023, and argues that Plaintiff is required to arbitrate his claims in accordance with a Worksite Employee Acknowledgement signed by Plaintiff that

included an Arbitration Agreement ("Agreement"). Mot. at 1. Defendant attached the Agreement as an exhibit to the Motion, [ECF No. 9-1].

Plaintiff contends that no agreement to arbitrate exists between the parties because he never reviewed or signed the Agreement—thus, there has never been a meeting of the minds and a contract to arbitrate has not been formed. Resp. at 3. In support of this position, Plaintiff provided an affidavit which states, "I can conclude that the Arbitration Agreement does not contain my signature or my handwriting" and "I do not recall ever signing the Arbitration Agreement." Rojas Affidavit ¶¶ 5–6. Plaintiff provides no additional evidence. Additionally, Plaintiff has not contested that his claims are arbitrable (assuming a valid agreement exists).

In Reply, Defendant provides two witness statements to support the authenticity of Plaintiff's signature on the Agreement. First, Defendant provides the affidavit of Thomas W. Vastrick, a handwriting expert. Mr. Vastrick asserts that he reviewed approximately 13 specimens obtained from Defendant's employee file that contained Plaintiff's signature and handwriting and compared them to the signature and handwriting on the Agreement. Vastrick Affidavit ¶¶ 4–6. Mr. Vastrick concluded that based on this examination and comparison, it is "highly probable" and he is "virtually certain" that the writer of Plaintiff's signature on the Agreement was the same as the writer of Plaintiff's signature on the documents relied upon by Mr. Vastrick as exemplars. *Id.* ¶ 7. Defendant also provides the affidavit of Marielena Meulener, the Human Resource Director for Defendant, which states, "I personally provided Plaintiff the Agreement, as well as the other documents, and observed and was in the presence of Plaintiff while he executed the documents . . . ." Meulener Affidavit ¶ 10.

## ANALYSIS

Generally, when a motion to compel arbitration is filed, courts consider the following: "(1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether

the right to arbitrate was waived." *Gomez v. Allied Professionals Ins. Co.*, No. 19-CV-24994, 2020 WL 2197865, at *3 (S.D. Fla. May 6, 2020) (citations omitted).  As noted above, Plaintiff disputes the existence of an agreement to arbitrate.  He claims he never signed the Agreement and never saw it prior to filing this case.  Plaintiff does not otherwise contest the validity of the Agreement or the arbitrability of the claims in this case, and he does not contend that the right to arbitration has been waived (assuming an agreement to arbitrate exists).

At the Hearing, the Court reviewed the parties' submissions and summarized the applicable legal standard.  The Court explained that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforceability of an arbitration agreement.  And the clear text of § 4 indicates that the Court should only direct the parties to proceed with arbitration once it is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue."  Parties are free to agree to a clear and unmistakable delegation provision in their contract, like the one found here.  But before the FAA will require enforcement of such a delegation provision, the Court must be satisfied that the parties have agreed to it.  Indeed, as noted by the Eleventh Circuit, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement.'"  *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).  After all, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

Here, Plaintiff's affidavit denying the authenticity of his signature on the Agreement creates a genuine dispute of fact as to whether a valid contract was formed.  Thus, giving Plaintiff the benefit of all reasonable doubts and inferences, *see Magnolia Capital Advisors, Inc. v. Bear*

*Stearns & Co.*, 272 F. App'x 782, 786 (11th Cir. 2008), the Court is unable to decide, as a matter of law, whether the "parties did or did not enter into an arbitration agreement," *see Bazemore*, 827 F.3d at 1333.  In other words, Plaintiff's declaration is enough on its own to create a genuine issue of material fact.  Given that the Court has no authority to compel the arbitration of this dispute until the question of contract formation is resolved, it explained to the parties it would need to schedule a bench trial in accordance with 9 U.S.C. § 4 on the narrow question of whether a valid agreement to arbitrate exists.[1]

However, after explaining the procedural posture of the case to Plaintiff by way of a Spanish interpreter at the request of Plaintiff's counsel—and affording Plaintiff's counsel an opportunity to discuss the pros and cons of proceeding to a bench trial with her client—Plaintiff, under oath, informed the Court that he wished to waive his right to a bench trial and instead preferred to engage in arbitration as requested by Defendant.  Plaintiff's counsel confirmed this position at the conclusion of the Hearing.  Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, [ECF No. 9], is **GRANTED** by agreement of the parties.

2. Plaintiff shall arbitrate his claims against Defendant pursuant to the Agreement.

3. This case is **STAYED** pending the conclusion of the arbitration proceedings.

4. The parties shall provide the Court with joint status reports every **sixty (60) days** regarding the status of the arbitration proceedings, with the first status report due on **October 2, 2023**.

5. The Clerk shall **CLOSE** this case for administrative purposes only.

---

[1] Plaintiff's counsel agreed that as no jury trial has been requested on the issue of the making of the Agreement, Defendant is entitled to a bench trial on this issue. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346-50 (11th Cir. 2017).

**DONE AND ORDERED** in Miami, Florida, this 31st day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**